FILED
2026 Apr-10  PM 12:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| DONDERRIOUS WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:24-cv-00706-HNJ |
| | ) | |
| JEREMY PELZER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

This case has been referred to the undersigned magistrate judge pursuant to the court's Alternative Dispute Resolution Plan ("ADR Plan").[1]  This case is **SET** for mediation on **April 28, 2026, at 9:30 a.m.** in the chambers of the undersigned at the Hugo L. Black United States Courthouse, Birmingham, Alabama. On or before **April 21, 2026**, the parties **SHALL** submit a confidential mediation statement, including (1) a brief summary of the facts and background of the dispute, as well as any materials that may assist the court in better understanding the case,[2] (2) a statement of the claims and defenses at issue, (3) the relevant governing law, (4) an estimated value of the claim(s) and an estimate of the costs of pursuing or defending

---

[1] *See* https://www.alnd.uscourts.gov/alternative-dispute-resolution-plan.  The ADR Plan governs to the extent not contradicted by this order or any other order entered in this case.

[2] To the extent review of specific court filings would be beneficial, the parties should reference the document(s) by the number assigned by the CM/ECF electronic filing system but need not attach a copy.

1

this action through trial, and (5) the status of prior settlement negotiations, including the amounts of the parties' most recent settlement offers, if any. The material should be marked **"CONFIDENTIAL"** and should be submitted directly to chambers via email at cornelius_chambers@alnd.uscourts.gov.

Mediation is a settlement conference conducted with the assistance of a mediator. The parties are not required to resolve their dispute at mediation, but the parties and their counsel ***shall endeavor in good faith*** to reach a settlement. Any settlement reached is binding on the parties.

The following must be present **in person** for the entire mediation:

- counsel for each party, except that out-of-state counsel may participate via video conference, so long as at least one attorney per party is physically present,

- each party who is a natural person, except the plaintiff will participate in the mediation via video conference,[3]

- a representative with full authority to negotiate a settlement for each party who is not a natural person, and

- if one or more insurance companies are necessary to settlement of the case, a representative for each company with full authority to negotiate a settlement.

---

[3] Counsel for the parties are **DIRECTED** to confer and make all arrangements regarding the video conferencing technology to ensure the plaintiff's participation in the mediation. Defense counsel is **ORDERED** to provide this information to the Department of Corrections ("ADOC") and to coordinate with ADOC to ensure the plaintiff will be provided equipment on which he can participate in the mediation via video conference and a private space where he can communicate freely, confidentially, and without interruption.

All aspects of mediation are private, confidential, and privileged.  The process is treated as a compromise negotiation for purposes of the Federal Rules of Evidence and State Rules of Evidence.  The mediator is disqualified as a witness, consultant, attorney, or expert in any pending or future action relating to the dispute, including actions between persons not parties to the mediation process.  No subpoenas, citations, writs, discovery paper, or other process shall be served at or near the location of any mediation session or upon any person entering, leaving, or attending any mediation session.

**DONE** this 10th day of April, 2026.

_____
STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE